NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVIN KITU SANFORD,

Defendant - Appellant.

No. 25-2189

D.C. No.
2:23-cr-00414-HDV-3

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Hernan Diego Vera, District Judge, Presiding

Submitted July 8, 2026[**]
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER, District
Judge.[***]

Defendant Ivin Kitu Sanford was a participant in a scheme to steal high-end

liquor bottles from multiple BevMo Stores in the Los Angeles area and sell the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

liquor bottles on the black market. Sanford was convicted of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a). At sentencing, the district court denied Sanford's request for a three-level downward adjustment pursuant to U.S.S.G. § 2X1.1(b). Sanford now appeals the district court's denial. We affirm.

We review denials of the three-level departure under U.S.S.G. § 2X1.1 for clear error. *See United States v. Le*, 119 F.4th 700, 703 (9th Cir. 2024) (quoting *United States v. Martinez-Martinez*, 156 F.3d 936, 939 (9th Cir. 1998)). "Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record." *United States v. Chichande*, 113 F.4th 913, 919 (9th Cir. 2024).

U.S.S.G. § 2X1.1(b) authorizes a three-level downward departure unless the circumstances demonstrate that the defendant was "about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." *See* U.S.S.G. § 2X1.1(b)(1-3).[1] The district court did not clearly err in declining to award the downward adjustment under U.S.S.G. § 2X1.1(b) because the facts demonstrate that Sanford and his co-conspirators only failed to complete their robbery due to outside intervention.

---

[1] The district court correctly determined that U.S.S.G. § 2B3.1 set forth the correct base offense level because the object of Sanford's conspiracy charge was robbery.

At trial, the government presented evidence that Sanford and his co-conspirators stole from a Canyon Country BevMo store. Sanford's co-conspirator asked an employee to open a security case and pushed the employee aside to gain access to the case. At sentencing, the district court adopted the factual findings of the presentence report. Relevant to this appeal, the district court found that after appearing to overhear employees call 911, Sanford intervened to convince his co-conspirators to leave the store. The district court found that Sanford "fled once he was stopped."

Nothing in the record or briefing suggests that the district court was unreasonable in adopting these facts. That Sanford "encouraged his co-participants to abandon the venture," does not undermine the district court's finding that the co-conspirators abandoned the robbery only because of the 911 call. But for the 911 call, Sanford and his co-conspirators would have completed the robbery. Accordingly, the district court correctly found Sanford ineligible for the three-level adjustment under U.S.S.G. § 2X1.1(b).

**AFFIRMED.**